SICKELS and others *vs.* PATTISON.

Where there is an *entire contract* for the performance of any particular service, the party contracting to do the service failing in *full performance*, is not entitled to sustain an action for a *part performance.*

But where there is a part performance, and by the terms of the contract payment may be demanded for the same, an action lies. In such case, however, the other party may give evidence of damages sustained in consequence of the non-performance of the residue of the contract in *diminution* or even *extinguishment* of the claim made against him ; but he cannot, *in an action against him,* have a balance certified in his favor for money paid on account of the services done, nor for damages sustained by reason of the non-performance of the contract—his remedy is by action *against the other party* to recover damages for the violation of the contract.

ERROR from the Warren common pleas. The plaintiffs sued Pattison in a justice's court, and declared against him for work, labor and services, in transporting a quantity of flour, boards and plank, from Glen's Falls in Warren county to the city of Troy. The defendant pleaded the general issue, and gave notice that on trial of the cause he would prove that the plaintiffs had agreed to transport for him a large quantity of lumber at a certain price, and had failed to perform, whereby he had sustained damage to the amount of $50. The justice rendered judgment in favor of the defendant for $36,74. The plaintiffs appealed to the Warren common pleas, and on the trial of the cause exhibited an account against the defendant, consisting of various items, viz. for the transportation of flour and lumber, and for the use of a landing place, amounting together to the sum of $76,67 ; on which account the defendant was *credited* with two payments of cash, one of $30 and the other of $18,87, leaving a balance due the plaintiffs of $27,20. ' The plaintiffs proved that the defendant admitted the correctness of the items of the account, and also admitted that the item of $18,87 was erroneously placed to his credit, as he had not paid it. On the part of the

ALBANY,
October, 1835.

Sickels
v.
Pattison.

defendant it was proved, by one Edmund P. Richards, that he was the owner of two canal boats, and had contracted with the defendant, in the autumn of 1831, to carry his lumber to market, for which he was to receive $15 per 1000 pieces for boards, $20 for plank, and $30 for siding; that on 29th October, 1831, he sold his boats to the plaintiffs, who assumed to perform the contracts he had made with the defendant and with others, to take their lumber to market, before the closing of the canal. After the sale of the boats, the plaintiffs admitted they had renewed the contracts of the witness with the defendant and others. It was then proved that at least 3000 pieces of lumber, belonging to the defendant, laid over and were not carried to market by the plaintiffs in the autumn of 1831, and that in the spring of 1832 the price of lumber was at least $\frac{2}{100}$ per piece less than it was in the autumn of 1831. The evidence as to the depreciation of price was objected to by the plaintiffs, but received by the court. As to the right of the plaintiffs to charge for the use of the landing place, there was a contrariety of evidence. The presiding judge charged the jury that the contract (in case they should find that there was a contract between the parties) was *entire*, and that to entitle the plaintiffs to sustain their action, they were bound to show a full performance on their part; that if they had not shown a full peformance, the jury were authorized to set off the $30 which had been paid by the defendant, with the interest thereof, against any claim of the plaintiffs which they should consider to have been proved, and to certify the balance in favor of the defendant, who was entitled to set off his demand, and the $30 and interest, against any other claim of the plaintiffs not growing out of the contract. The plaintiffs excepted to the charge. The jury found a verdict in favor of the defendant for $34,94, on which judgment was entered. The plaintiffs sued out a writ of error.

*J. L. Curtenius,* for plaintiff in error.

*W. Hay,* for defendants in error.

*By the Court,* Nelson, J.  The testimony of Richards was sufficient proof of the contract between the plaintiffs and the defendant, as to the transportation of the lumber to market, to justify the court in submitting the fact to the jury.  When the plaintiffs purchased the boats, they agreed to assume the contracts made by Richards, one of which was with the defendant; and they afterwards admitted that they had renewed them with the persons concerned.

The charge, however, of the court to the jury was erroneous.  It assumed the principle, that if the contract was entire and not fulfilled by the plaintiffs, they were not only bound to refund the amount paid towards freight, but were also liable to damages for the non-fulfilment.  The defendant having paid $30 towards the transportation of the lumber, a subsequent failure to perform the whole contract would not entitle him to recover it back; for if he undertook to recover back the amount paid, under the idea of a rescindment of the contract, he would be met by the equity growing out of the services actually rendered, and which should be taken into consideration in adjusting the rights of the parties.  The true remedy in such a case is an action for damages for the violation of the agreement; or, as in this case, the defendant may, if he chooses, set up the breach and claim damages, for the purpose of diminishing or even extinguishing any amount which the plaintiffs seek to recover for the freight of the lumber.

It is true, if the contract was entire, a failure to perform would of itself be an answer to a recovery for the remainder of the freight money, as the plaintiffs could not maintain an action upon such a contract, after they had broken it.  The compensation, in this case, I am inclined to think, did not depend upon the transportation of all the lumber.  The stipulation was for a fixed sum for one thousand pieces, and no time of payment was mentioned.  In contemplation of law it would probably be due on the delivery of the lumber at market.  The delivery of the *whole* lumber at the market was not a condition precedent to the payment of the freight.  It would become

due, and be demandable as fast as delivered. If so, the plaintiffs would be entitled to prosecute for the freight of the quantity delivered. If the jury were satisfied that by the contract the whole that was ready to be transported to market by the canal could have been carried, then the defendant would be entitled to damages; and it would be proper to prove them, with the view of reducing the amount claimed, or even extinguishing it, if the damages were large enough to cover it. 8 *Wendell*, 109.

As to the charge for the use of the landing, the testimony is not very clear upon the point. It would seem, from the testimony of Richards, that he was to charge nothing for the use of his landing for the lumber of the persons with whom he contracted; and if so, it necessarily follows, from the evidence, that the plaintiffs are not entitled to make any charge, as they took his place. This, however, is a question of fact for the jury to determine.

Judgment reversed, and *venire de novo.*