a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
THIS case was instituted by writ of foreign attachment against the defendants; who appeared and dissolved the attachment by filing special bail. The plaintiff declared in case, with general and special counts, setting out a special agreement between the parties for the raising four to five hundred tons of iron ore, from the defendant's beds at Gum Branch, in Sussex county, and delivery of the same at Millville, New Jersey, at $3 per ton, the plaintiff averring that he raised and delivered 136½ tons at Millville, and 109 tons at Milford, on the way to Millville, when he was prevented from completing the contract by notice from the defendants not to raise or send any more.
The plaintiff proved an admission by defendants that there was a contract between them and him, relative to the raising and delivery of this ore; the acceptance of, and payment for 79 tons at $3 per ton; an order to go on raising and delivering more ore; a refusal to pay for the next load, being 58½ tons, on the ground that it was worthless; and a declaration that they would receive no more such.
The defendants contended that the contract between them and *Page 455 
plaintiff, was different from the one declared on; that it was a contract for the raising and delivery of "four to five hundred tons of good, clean, stone loam, and washed seed iron ore," from Gum Branch, or from another bed of defendants' on the Green estate; that the third load of ore was not good, clean, stone loam, washed iron ore, but was loam, mud and sand, unfit for use, as was the ore delivered at Milford; and that they were not bound to accept, or pay for it.
Bayard and Cullen, for defendants, contended, that if this contract was proved, the plaintiff was not entitled to recover at all: not upon the special contract, for a different one was proved; nor upon the common counts, there being an express contract. That, even if plaintiff's special counts were proved, they show an executory contract, unperformed, upon which no recovery could be had; or if any action would lie, as for a part performance, the defendant was entitled to "recoup" or set-off against the claim, the damages sustained by them by reason of the nonperformance of the entire contract. They cited, 2 Greenleaf's Evid. 78-9, secs. 103, 104; 3 Chit. Plead. 334, n. 4; 14 Wend. 257; 14Mass. Rep. 202; 1 Camp. Rep. 38; 14 Com. Law Rep.
145, 400; 7 East Rep. 789; 2 Camp. 416; 2 Mass. Rep.
147; 13 Johns. Rep. 94; 8 Cow. Rep. 63; 42 Ibid.
452.
It appeared that the defendants had a contract with John A. Hazzard, for raising and delivery at Millville, New Jersey, from, Gum Branch and the Green estate "four to five hundred tons of good, clean, stone loam, and washed seed iron ore" by a certain time which was expired; and the evidence upon which the plaintiff relied as proving a contract with him, was an admission made by one of the defendants to the father of Mr. Hazzard, after his contract had been abandoned, "that Draper had taken the contract of John A. Hazzard, for raising ore from Gum Branch" without stating quantity, terms, time or price; and without any mention of the ore from the Green estate. He contended that, on general proof of a contract to raise and deliver ore from Gum Branch at $3 per ton, he was entitled to deliver such ore as that branch furnished, without regard to quality; and, the defendants' having put an end to the special contract by refusing the ore, he was entitled to recover for all the ore delivered at $3 per ton; and to be remunerated for the expense of raising other ore not delivered because defendants would not receive it.
He had delivered one load of 51 tons, and another of 27 tons, which were of good, stone, and seed washed ore; a third load of 58½ *Page 456 
tons was forwarded, which was of unwashed loam ore, which the defendants would not receive, and which was proved to be of very inferior value, if not worthless.
Mr. Layton, cited, Ros. Civ. Ev. 221; 5 Car. P.
58; 1 Ch. Pl. 297, 333, 334, 336; Doug. 665; 13 EastRep. 410; 7 Crunch 408, 413; 12 East 1; Bull. N.P. 139, 140; 1 Greenl. Ev. 80, § 67; 1 Steph. Pl. 118, 119; 44 Law Lib. 1; Arch. N. P. 145, [10;] 2 Harr. Rep. 488.)
1. That if the plaintiff had proved his contract as laid, for the raising and delivery of such ore as he did raise from Gum Branch, whether good or bad, he was entitled to recover; because though it be an executory contract, not-fully, performed, the plaintiff was entitled to consider it at an end by the defendants' refusal to comply with their part of it; and to recover on the general counts, apart from the contract for what he had done under it. (Cutter vs. Powell,
44 Law Lib. 14, note.)
2. That if the contract proved was, as contended by the defendant, viz., a substitution of the Hazzard contract, for the delivery of "good, clean, stone loam, and washed seed ore," the plaintiff was not entitled to recover any thing: not upon the special contract, for a different one would have been proved; and not upon the common counts for the law never raises an implied contract when an express one is proved. (2 Greenl. Ev. 78, § 103: 2 Harr.Rep. 488.)
3. If neither the contract set up by the plaintiff nor that contended for by the defendants was proved, and no special contract was proved, the plaintiff was entitled to recover on the common counts for the twenty-seven tons of ore delivered and accepted by the defendants, and not paid for, as for goods sold and delivered; but he was not entitled recover for the ore not accepted, without proof that it was raised and forwarded at the defendants' request.
4. That if the plaintiff had proved a special contract as laid, and a part execution of it, not strictly within its terms, as by the delivery of ore of inferior quality; if such ore had been accepted by the defendants, the plaintiff would be entitled to recover for such part performance, subject to: a deduction of the damages which defendants sustained by the non-performance of the contract strictly and entirely. This is what we understand by recouping damages in an action of assumpsit, (2 Greenl. Ev. 80 § 104; 14 Wend. Rep. 257.)
 The plaintiff had a verdict for $447 20.