By the Court.—Monell, J.
The instruction of the learned judge at the trial was upon the principle, that when a vendor contracts to sell and convey in good faith, believing he has a good title, and afterwards discovers his title is defective, he is to be held liable to nominal damages only. But the principle has no application to this case. The inchoate right of dower of the defendant’s wife was not, nor did it produce, a defect in the title. It was in the nature of an encumbrance upon the property; and unless extinguished by a re *41 lease, the defendant could not convey “free from all encumbrances.’ ’
In the case of Holmes v. Holmes (12 Barb. 137), the vendor, as in this case, agreed to convey free of encumbrances ; and it was alleged that there was an outstanding inchoate right of dower. This was held to be an encumbrance ; and an inability to procure its release was a breach of the contract to convey.
The case of Pumpelly v. Phelps (40 N. Y. Rep. 59), relied upon by the defendant, merely refers to the general principle, which I have before stated ; but holds, what is applicable to the present case, that when a vendor contracts to sell lands, in which he knows, at the time, he has .not title, or the power of conveying, he is bound to make good to the vendee the loss of the bargain through his default (Brinckerhoff v. Phelps, 43 Barb. 469).
It is very clear, I think, that this case presents no exception to the general class of cases, where the actual damage sustained should be the measure of recovery; and it was, therefore, erroneous to restrict the verdict to the purchase money and expenses.
The measure of damage is the difference, if there be any, between the contract price and the proved value of the property at the time of the breach (Pumpelly v. Phelps, supra, p. 66; Barb. v. Cole 28, N. Y. Rep. 261; Brinckerhoff v. Phelps, supra.
The exception must be sustained, the verdict set aside, and a new trial granted, with costs to the plaintiff to abide the event.