SAMUEL B. PER LEE AND HENRY M. PER LEE, APPELLANTS, *v.* ANDREW J. BEEBE AND JEREMIAH MEDBURY, JR., RESPONDENTS.

*Contract — when divisible — Full performance — when not a condition precedent to recovery.*

Plaintiffs and defendants entered into an agreement, whereby the plaintiffs agreed to sell and deliver to the defendants all the coal they should want for their use, for a year, or until the next spring, at five dollars and fifty cents per ton, deliveries to be made as long as defendants should wish them, the defendants agreeing to receive the same at that price.

A large amount of coal was delivered under this contract; but subsequently and before the expiration of the time therein specified, the price of coal having risen, the plaintiffs refused to deliver any more coal under it. In this action brought by them to recover the value of the coal delivered, *held,* that the contract was not an indivisible one, and full performance was not a condition precedent to a recovery by plaintiff; that, as no time of payment was specified in the contract, they were entitled to demand the pay for each lot of coal delivered, and that they were therefore entitled to recover the price of the coal delivered, subject to the defendants' right to recoup any damages they might have sustained by reason of the breach of the contract.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

*Geo. W. Ray,* for the appellants. Full and complete performance by plaintiffs was not a condition precedent to payment by the defendants, because there was nothing in the terms of the contract, nor outside, that made full performance a condition precedent. (*Tipton* v. *Feitner,* 20 N. Y., 423 ; *Withers* v. *Reynolds,* 2 Barn. & Adol., 882 ; *Pattridge* v. *Gildermester,* 1 Keyes, 93 ; *Sickels et al.* v. *Patterson,* 14 Wend., 256, 257 ; *Talmage* v. *White,* 3 Jones & Spencer ; 35 N. Y. Sup. Ct. Rep., 218 ; *Swift et al.* v. *Opdyke et al.,* 43 Barb., 274 ; *Gardner* v. *Clark,* 21 N. Y., 399 ; *Bailey et al.* v. *The Western Vt. R. R. Co.,* 18 Barb., 112 ; *Snook* v. *Fries,* 19 id., 313 ; *Bowker* v. *Hoyt,* 18 Pick., 555 ; Parsons on Contracts [6th ed., vol. 2], 517–524, 657, etc.)

*Calvin L. Tefft,* for the respondents.

OSBORN, J. :

The plaintiffs appeal from the judgment entered against them on the report of a referee, dismissing the complaint with costs. The plaintiffs are merchants in Norwich, N. Y., and the defendants hotel keepers in the same place. From April, 1870, to February, 1871, the plaintiffs had sold and delivered goods to the defendants, amounting to the sum of $572.60. On the 17th of May, 1870, and while this account was being made, the plaintiffs entered into an agreement with defendants (in parol), by which they agreed to sell and deliver to the defendants quantities of coal at an agreed price. It is in reference to this coal contract and the proper construction to be given thereto, that this litigation seems to have occurred. Under this contract, whatever it was in fact, the plaintiffs did furnish between the day it was made and January, 1871, at different times and in different amounts, a large amount of coal, in the aggregate seventy tons, or thereabouts. During this time the defendants had paid said plaintiffs money at different times, and which, after paying the store account, amounted to the sum of $335.10, to be applied upon the coal which had been delivered. But this did not pay the coal account in full, and hence this action was brought.

There was a serious difference between the parties as to what were the actual terms of the coal contract, but as the referee has found the defendants' version to be the correct one, it remains to be seen whether he gave it a proper or rather a legal construction.    He finds the contract to be as follows:  "That May 17, 1870, the plaintiffs entered into a verbal agreement with the defendants, whereby the plaintiffs agreed to sell and deliver to the defendants all the coal they should want for their use, of all sizes, for a year, or until the next spring, or the opening of navigation the next spring, at five dollars and fifty cents per ton, and to deliver it along as defendants should want it, the defendants agreeing to receive the same at the said price.  Nothing was said by the parties or either of them, as to the time of payment."

And the referee adds to this finding the following words: "Yet they did not contemplate a settlement and payment for each parcel when it should be delivered."

The referee then finds, that in pursuance of this agreement and in part performance thereof, the plaintiffs commenced delivering coal to defendants on many days, from time to time, until and including January 23, 1871, amounting in all to seventy-six tons or over.    That in February, 1871, defendants were out of coal, and wanted plaintiffs to furnish them more under this contract, which the plaintiffs did not do, and no more was furnished afterwards. The referee finds that coal in the meantime had advanced in price, and that defendants were compelled to pay an advanced price for what coal they wanted after that, and that they required several tons more to carry them to the time provided for and specified in the contract.    He also finds that from August, 1870, to February, 1871, defendants had paid plaintiffs on divers days divers sums of money, aggregating $907.70, but such payments were not applied to any particular demand.

As a conclusion of law, he finds that, after paying the store account, there remained to apply on the coal account $335.10, which plaintiffs could retain, but that they could not recover the balance alleged to be due for coal for the reason that such contract was entire and indivisible, and that, by the terms thereof, nothing was due until the same was fully completed and performed; "that full performance was a condition precedent to payment or to a right of recovery."

The plaintiffs gave a different version of this contract, but, as I stated before, the rights of the parties must be determined according to the contract as found ; and just here it is proper to state that the statement of the referee following the contract, as found by him, " that the parties did not contemplate a settlement and payment for each parcel of coal when it should be delivered," amounts to nothing, and there is no evidence to sustain it aside from the contract itself. He says nothing was said by the parties as to the time of payment. Whether they did or did not mentally contemplate payment amounts to nothing. The question is, under the precise contract as found, were the legal conclusions of the referee correct ? Was this an entire and indivisible contract, in such a sense that, before plaintiffs could exact payment for any amount, they were bound to wait until the time had expired and the last ton had been delivered ?

I think not. It seems to me entirely clear, on principle and authority, that the referee erred in his conclusions. By an examination of the contract, it will be seen that nothing is said as to the time of payment. That the quantity to be delivered is not suggested ; it is left wholly indefinite. It may require ten tons or a thousand to complete it, and so of the time when the several deliveries were to be made. By its very terms it is a contract to be performed in parts. Indeed, it is difficult to see how, in any sense, it can be regarded as an entire and indivisible contract, and, with due respect to the referee who finds differently, it would seem quite evident that the parties did not so treat or understand it, for the defendants paid and plaintiffs received a large amount of money at different times on account of the coal that was being delivered. But the language of the contract must control. From an examination of the authorities, I have come to the conclusion that this contract is one susceptible of part performance — one calling for the sale and delivery of coal at different times — making no provision in terms for any credit, and that, by its performance, a full and complete performance is not a condition precedent to payment for any part actually delivered. That the defendants could be called upon to pay for each parcel on delivery ; that is, having delivered all the coal the defendants wanted at any particular time, the plaintiffs could demand and receive payment therefor, and that upon such payment being refused an action would lie.

In a word, that, under this contract, plaintiffs were entitled to recover for the coal actually delivered, subject to the defendants' right to recoup such damages as they may have sustained by the non-performance of the full contract. This would seem to be the equitable construction, and clearly sanctioned by authority. (*Tipton* v. *Feitner*, 20 N. Y., 423 ; *Withers* v. *Reynolds*, 2 Barn. & Adol., 882, cited and approved in 20 N. Y., 423 ; *Pattridge* v. *Gildermeister*, 1 Keyes, 93 ; *Sickels et al.* v. *Pattison*, 14 Wend., 257 ; *Talmage* v. *White*, 3 Jones & Spencer, 35 N. Y. Superior Ct. R., 218.)

In this case it was shown that the defendants' actual damage was on account of the alleged non-performance. If this only had been allowed them, there would still have remained a balance due plaintiffs for which they would have been entitled to recover.

Entertaining the views already expressed in reference to this contract, it is unnecessary to examine the other points raised, for it follows that the judgment appealed from must be reversed, the reference discharged, and a new trial granted, costs to abide the event.

BOCKES, J.:

The conclusions of the referee, to which the attention of the court is called on this appeal, have reference to the coal contract only.

The referee found that the parties entered into a parol agreement, by which the plaintiffs were to furnish to the defendants all the coal they should want for their use for and during the year preceding the opening of navigation in 1871, at five dollars and fifty cents per ton, to be delivered from time to time as the defendants should want it ; that nothing was said as to time of payments, but that they did not contemplate a settlement and payment for each parcel when it should be delivered ; and, as matter of law, he decided, that although several parcels were delivered and accepted by the defendants, yet, because the plaintiffs in February and thereafter refused to make further delivery, the plaintiffs had no right of action for the coal delivered. The decision was put on the ground that the contract to deliver was entire and indivisible ; and that no recovery could be had by the plaintiffs until the end of the year, and on its fulfillment by them during the entire time the contract was to run. I am of the opinion that the referee was in error in his construction of the agreement entered into by the

parties. It was understood that the coal should be delivered in parcels as the defendants should want it; and the calls were left optional with them as to time and quantity. Delivery was to be made on call, and the calls were to be answered by the plaintiffs from time to time, as they should be made during the period the contract was to run. The agreement was that the plaintiffs would deliver from time to time on call, at the price specified, during a year, or until navigation opened in 1871. Extend the time during which the contract was to continue for two, three, five, ten or twenty years, and could it be maintained that no claim for payment for any coal delivered could be made until the expiration of the full time the contract was to continue? Now, as no time of payment was expressly agreed upon, the ordinary legal inference must apply; that the plaintiffs were entitled to payment on delivery. This, we think, is the fair, reasonable and legal construction to be put upon the agreement according to the proof submitted. This construction is entirely just in application, too. The evidence fairly, and as we think, necessarily, sustains it. The referee's findings, both of law and fact, which are in conflict with this construction, are, as we think, erroneous.

The contract was fulfilled by the plaintiffs when they answered the defendants' calls for coal to the extent of the several parcels delivered to and accepted by the defendants. For the value of the coal so delivered, estimated according to the contract-price, the plaintiffs have a complete right of action.

Of course the defendants might recoup such damages as they should sustain by the refusal of the plaintiffs to deliver during the time the contract was to run; in the answer claimed to be sixty-two dollars and sixty-nine cents. The amount would depend upon the evidence.

The defendants, therefore, should have been charged with the coal delivered and accepted by them according to the contract, deducting from the claim by way of recoupment, the damages sustained by the refusal of the plaintiffs to deliver as they had agreed.

Judgment reversed, new trial ordered, costs to abide the event, and reference discharged.

LEARNED, P. J., concurred.

Judgment reversed, new trial ordered, reference discharged, costs to abide event.