Welles, J.
 

 On the trial before the referee, the plaintiff gave evidence tending to show that, by the contract between him and the defendant for the sale and delivery of the brick in question by the former to the latter, the brick was to be paid for. as they were delivered. It also appeared, on the part of the plaintiff, that, at the close of the conversation between the parties by which the contract was negotiated, the plaintiff wrote something on a piece of paper and handed it to the defendant, upon which the parties separated. None .of the' plaintiff’s witnesses were able to state what the writing contained. The defendant produced and identified the paper, which turned out to be as follows: “I will deliver John Higgins 25,000 pale brick, on the dock at East Troy, for $3 per M, and 50,000 hard brick, at the same place, at $4 per M,, cash. E. W. Baker, Coxsackie.” This, I think, was a valid agreement, and must be deemed and taken as the agreement then made between the parties in relation to the brick, and under which a part was afterwards delivered.
 

 ‘Not long after this agreement, the plaintiff.delivered to the defendant, at Troy, under the written contract, a cargo or brick,
 
 *399
 
 consisting of 10,500 hard and 10,500 pale bricks, and demanded payment for that quantity, which the defendant refused until the whole was delivered. This, I think, he had a right to do. The contract was entire, to deliver 75,000 bricks; and the plaintiff was not entitled to pay for any part until the whole was delivered, or until he was ready and offered to deliver the balance, which the plaintiff has not done. The action was brought for the contract price of the 21,000 bricks delivered; and the referee found, contrary to the legal import of the written agreement, that the brick was payable on delivery, as the same should be delivered. For this error the judgment should be reversed, and a new trial directed in the court below, with costs to abide the event.
 

 Selden, Clerke, and Wright, Js.,- dissented; all the other judges concurring,
 

 Judgment reversed, and new trial ordered.