WILLIAM A. HUSTED and SELAH C. CARLL *v.* DANIEL H. CRAIG.

Where there was an entire contract by which plaintiff agreed to furnish oil-cloths and carpets, and to carpet defendant's house, and he did a part of it in an unskillful and unworkmanlike manner, the defendant is at liberty to avoid the contract and return the goods.

In such case, where the goods have been returned by the defendant, the plaintiff cannot recover on such contract.

THE plaintiffs, carpet dealers, sold and delivered to defendant certain oil-cloths and carpets for his house in Peekskill, and put them down. The defendant, in his answer, set up that they were put down in an unskillful, unworkmanlike manner, and did not fit the rooms, and, therefore, he refused to keep them and sent them back.

On the trial there was considerable evidence given on both sides. The plaintiffs offered evidence tending to show that the carpets were put down in the usual manner, and defendant offered evidence tending to prove the contrary. In regard to one of the carpets, plaintiffs admitted that, as it was put down, the figures ran the wrong way, and the claim for that carpet was abandoned.

*Pike & Galpin*, for the appellant.

*Thos. G. Sherman*, for the respondent.

BOCKES, J. The jury were at liberty to find, from the evidence, that the contract was entire, to furnish and put down the carpets and oil-cloth in the defendant's house at Peekskill for the price agreed on.

Such contract would carry with it the tacit condition imposed by law, that the articles selected should be put down in a proper manner. The condition, conceding the contract to have been as above stated, was a very important one, for the value of the property to be delivered depended, in a great degree, on its due execution. The question is, whether there was evidence from which the jury could have found that the contract was entire, to furnish and put down the articles

selected, in defendant's rooms.   Mr. Husted, one of the plaint-
iffs, testified that Mrs. Craig, who made the purchase, stated
" that she would make the bill with us, provided we would
take them to Peekskill and put them down without expense.
I told her that was not customary; however I said I would
do it, if she would be ready for them before our busy season
commenced." He also stated that she finally decided on the
patterns, and that the bill was $535.33.   There was other
evidence on this point, but none changing the contract as
given by the plaintiff himself. That such was the agreement
is substantiated by the action of the parties under it. The
plaintiffs immediately obtained the dimensions of the rooms,
cut and sewed the carpets, and proceeded to lay them, with
the oil-cloth, in the defendant's house. On this evidence, the
jury might well have found, indeed should have found, unless
explained, modified or contradicted by other proof, that the
contract was entire, to furnish, prepare for laying and put
down the carpets and oil-cloth in the defendant's house.

But, even if there were other facts in the case, tending to
explain or modify the plaintiffs' testimony, still the question
was for the jury, whether such was the contract.

It was insisted on the part of the defendant, that the
articles were improperly cut and made and did not fit the
floors for which they were designed. This was admitted as
regarded two of the rooms, and the plaintiffs withdrew all
claim for those two carpets. The defendant refused to accept
any, and immediately returned all and left them on deposit
subject to the plaintiffs' order. In this condition of the case
the defendant asked the court to charge the jury, in sub-
stance and effect, that if they should find the contract to be
entire, to furnish for the defendant's house all the goods for
which the plaintiffs claimed to recover, and that one or more
of the articles furnished was made and laid in such an
unskillful and unworkmanlike manner as not to entitle the
plaintiffs to recover for it, the defendant was justified in
returning the goods and the plaintiffs could not recover; also
that if the jury should find that the contract was entire, it
being admitted that the plaintiffs were not entitled to recover

for two of the carpets furnished, by reason of the unworkmanlike manner in which they were laid down, the plaintiffs could not recover. These instructions were refused, and on the ground that there was no evidence that the contract was entire. In this there was error. There was evidence, as we have seen, if indeed not conclusive evidence, that the contract was entire, to furnish, cut, make and lay the articles in the defendant's house, and under such contract the plaintiffs would be bound to cut, make and lay them in a skillful and workmanlike manner. If they had undertaken so to do, they were bound to performance, as in any other case of executory contract, before they could recover the contract price.

According to the plaintiffs' own evidence, they had undertaken to do in this case what was not customary on a sale of floor furniture. He says Mrs. Craig said she would make the bill with us *provided* we would take them to Peekskill and put them down without expense. I told her that was *not customary*, however I said I would do it. Accepting this as the contract, and the jury were certainly authorized to hold the plaintiffs to their own statement of the case, the fitting the carpets to the rooms and putting them down were a material part of it, to be performed in a workmanlike manner, that is, with ordinary skill. If the contract was entire, the plaintiffs were not entitled to recover (no part having been excepted) without a delivery or an offer to deliver all the articles contracted for, in the condition required by the contract. (*Baker* v. *Higgins*, 21 N. Y., 397; *Shields* v. *Pettie*, 4 id., 122; *Smith* v. *Brady*, 17 id., 173; *Pike* v. *Butler*, 4 id., 360; *Pullman* v. *Corning*, 9 id., 93.) As the case is now presented the plaintiffs should have been nonsuited. In the most favorable aspect for the plaintiffs the case should have been submitted to the jury with instructions substantially as stated in the defendant's request.

The judgment of the General Term and of the Special Term must be reversed and a new trial granted, the costs to abide the event.

All concur except Scrugham, J., who expressed no opinion.
Reversed.