LEVENE *et al.* v. RABITTE.

*(City Court of New York, Trial Term.   October 19, 1888.)*

SALE—ACTION FOR PRICE—ENTIRE CONTRACT—PART PERFORMANCE.

Plaintiffs agreed to sell to defendant 1,000 dozen handkerchiefs, but failed to deliver the entire lot, owing to a mistake as to the number they had on hand. Defendant refused to pay until delivery of the whole lot, and plaintiffs then promised to complete the delivery in two weeks, but this was never done. *Held*, that an action would not lie for the price of the goods delivered, though there was no offer to return, no waiver or modification of the contract having been shown.

Motion for new trial on the minutes.

Action by Harry Levene and others against John M. Rabitte for the contract price of certain handkerchiefs sold and delivered.   A verdict was directed for plaintiffs, and respondent moved for a new trial on the minutes.

*Freeman & Greene*, for plaintiffs.   *McGuire & Kuhn*, for respondent.

NEHRBAS, J.   The defendant claimed and was accorded the affirmative of the issues to be tried.   The defendant testified that in August, 1885, plaintiffs agreed to sell and deliver to him 1,000 dozen handkerchiefs of a peculiar kind at 30 cents per dozen, spot cash,—that is, to be paid for on delivery.   A portion of the handkerchiefs were delivered, and as to the balance plaintiffs claimed they could deliver no more, having made a mistake as to the number they had on hand.   Defendant refusing to pay for the goods delivered unless the entire 1,000 dozen were forthcoming, plaintiffs promised that they would complete the delivery in about two weeks, when they expected to receive more of the same kind.   The balance never was delivered.   This action is brought for the portion delivered.   Upon these facts judgment was directed for the plaintiff.   The contract between the parties was an entire one for the delivery of a thousand dozen, and until it is completed no action lies against the defendant.   *Baker* v. *Higgins*, 21 N. Y. 397; 2 Pars. Cont. pt. 2, c. 1, § 4; *White* v. *Hewitt*, 1 E. D. Smith, 395.   No waiver of the terms of the contract by the defendant was shown, nor any modification thereof.   Hence, the direction in plaintiffs' favor was error.   It is true, the defendant neither offered to return nor actually returned the portion of the goods delivered. But this was the plaintiffs' own fault, for they assured him they would be in a position to deliver the balance in a few weeks, and thus gave defendant the right to retain the goods delivered.   The cases cited by the learned counsel for plaintiffs do not, in my judgment, apply to this case.   It follows that the verdict directed must be set aside and a new trial ordered, with costs to abide the event.