(26 Misc. Rep. 767.)

### SCHNEIDER et al. v. KLAR.

(Supreme Court, Appellate Term.    March 24, 1899.)

CONTRACT—PART PERFORMANCE—RECOVERY.

Where plaintiff agreed, for a certain sum, to make a suit of clothes for defendant, and, on delivery, the trousers were rightfully rejected, because not properly made, plaintiff could not recover for any portion of the price, as the contract was an entire one, and defendant's promise was conditioned on complete performance.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Charles L. Schneider and Douglas G. Dodds against Adolphe J. Klar. Judgment for plaintiffs. Defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William S. Haskell, for appellant.

Benjamin F. Feiner, for respondents.

LEVENTRITT, J.    The plaintiffs are merchant tailors in this city. The defendant placed an order with them for a suit of clothes, which

they agreed to make for him for the sum of $28. Upon delivery, the defendant rejected the trousers, for the reason that they were not properly made, and refused to pay for the suit. Several unsuccessful attempts were made by the plaintiffs to remedy the defects. Nevertheless this action was brought to recover the entire contract price. In the course of the trial, it was both admitted and proven that, while the coat and vest were unobjectionable, the trousers were improperly tailored. These facts appearing, the justice, on the consent of both parties, suspended the trial for one week, to enable the plaintiffs to complete the suit, by furnishing to the defendant in the interim a proper pair of trousers. When the trial was resumed the garment had not been made or delivered. The justice, in his opinion, finding, from the testimony, as a matter of fact, that the omission was chargeable to the plaintiffs, deducted the proven value of the trousers from the agreed price for the whole suit, and rendered judgment against the defendant for the value of the coat and vest. This was error. The judgment should have been in favor of the defendant. The contract between the parties was entire. The defendant's promise to pay was conditional upon complete performance on the part of the plaintiffs of their part of the agreement. Ming v. Corbin, 142 N. Y. 334, 37 N. E. 105. The defendant was therefore entitled to a whole suit of clothes, according to his order, before he could be required to make any payment. The agreement between the parties was for a complete suit of clothes, and not for an individual garment, and it was incumbent on the plaintiffs to show full performance on their part before they became entitled to any part of the price. Husted v. Craig, 36 N. Y. 221; Mount v. Lyon, 49 N. Y. 552; Baker v. Higgins, 21 N. Y. 397.

The defendant in no wise impaired his rights by consenting to the suspension of the trial in order to enable the plaintiffs to furnish him with a satisfactory pair of trousers. The effect of this consent merely was to afford the plaintiffs opportunity to complete the contract according to its original terms. It did not relieve the plaintiffs of any obligation resting upon them.

It is contended by the plaintiffs that the agreement of the parties, in open court, in the course of the trial, was an accord and satisfaction of whatever claim the defendant had, and that his refusal to perform excused performance on their part. In order to sustain this proposition, the plaintiffs assume, contrary to the findings of the trial justice, that the defendant was at fault. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.