(43 App. Div. 383.)

CINQUE v. CASSANI.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. SALE—TIME FOR DELIVERY—QUESTION FOR JURY.

Defendant contracted in May to deliver wine to plaintiff, but no time was set. Plaintiff testified he told defendant to ship the wine, 50 barrels a month, and the whole of it before Christmas. A part was delivered before Christmas, but afterwards defendant refused to deliver. *Held*, in an action on the contract, that it was error to dismiss plaintiff's com-

plaint, as, if plaintiff's directions were acceded to, and were sufficient to fix a time for delivery, defendant was in default, and, if not, it was for the jury to say whether a reasonable time for delivery had expired before suit.

**2. SAME—WAIVER—EXTENSION.**

Defendant having failed to deliver all the wine contracted for, plaintiff asked him for the remainder, and he replied: "No; I cannot give you any, because I am short; after, I will." Plaintiff asked, "When?" and he said he would let him know. Plaintiff then brought suit. *Held*, that the conversation did not, as a matter of law, constitute a waiver or extension of time, but the question as to the intention of the parties and effect of the conversation was for the jury.

**3. SAME—APPEAL.**

In an action for breach of contract to deliver goods, plaintiff's failure to show his readiness to pay for the goods when delivered cannot be first taken advantage of on appeal.

Appeal from trial term, Kings county.

Action by Guiseppe Cinque against Angelo Cassani. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ferdinand E. M. Bullowa, for appellant.

A. J. Oishei, for respondent.

CULLEN, J. This action is brought to recover damages for failure of the defendant to deliver 500 barrels of wine, under a contract made between the parties for that purpose. The written agreement, though sufficient, is quite informal in its character. It fails to specify any time for delivery. It was made on the 30th day of May, 1898. The defendant resided in California, and the wine was to be shipped from that state. The plaintiff testified that he told the defendant to ship the wine, 50 barrels a month, but the whole of it to be delivered before Christmas. Only 180 barrels were delivered to the plaintiff, which were shipped in the autumn. In January, 1899, the plaintiff met the defendant, and asked for the remainder of the wine, to which the latter responded: "No; I cannot give you any, because I am short; after, I will." The plaintiff asked him when he would deliver the wine; to which the defendant responded, "Well, he told me he would let me know." Immediately thereafter the plaintiff brought suit.

The record before us is very meager, but the action of the learned trial judge seems to have been dictated by the view that the defendant was not shown to have been in default in his contract. In this opinion we are unable to concur. The written agreement being silent as to the time of delivery, the law imports that the delivery was to be made within a reasonable time. It was competent, however, for the parties, by subsequent oral agreement, to fix the time for delivery. Smith v. Halligan (Sup.) 1 N. Y. Supp. 820. If the conversations testified to by the plaintiff were sufficient for the purpose, then the delivery should have been completed before Christmas, and the defendant was in default. If the original contract was not modified or affected by the subsequent oral negotiations between the parties, then, at least, it was a question of fact for the jury to determine

whether a reasonable time for the delivery of the wine had not expired before the suit was brought. Of course, the time for delivery could be extended orally, and a prior default in delivery might in the same manner be waived. We do not think that the conversation in January, testified to by the plaintiff, constituted necessarily, as a matter of law, either a waiver or extension of time. It presented a question of fact for the jury as to the intention of the plaintiff and the effect of the conversation.

The contract, on its face, was an entire one, and under it it was necessary for the defendant to deliver the whole quantity of wine agreed to be sold before he was entitled to demand payment from the plaintiff. Baker v. Higgins, 21 N. Y. 397; Mount v. Lyon, 49 N. Y. 552; Nightingale v. Eiseman, 121 N. Y. 288, 24 N. E. 475. Probably the jury might find a modification of the contract in this respect from the shipment of the wine in separate lots over a long period, and the fact that the plaintiff assumed to pay for each delivery. But, according to the testimony of the plaintiff, he had paid in full, either in merchandise or in notes, as required by the contract, for the wine received by him. Therefore the dismissal of the complaint cannot be justified on the ground that the plaintiff was in default. It was necessary that the plaintiff should prove a readiness on his part to pay for the wine, or, rather, give his notes for it, upon its delivery. He gave no testimony to this effect on the trial; but no such point was there made, and it cannot be now raised for the first time.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.