ALBANY,
Oct. 1827.

Lantry
v.
Parks.

*LANTRY *against* PARKS.*

ASSUMPSIT for work and labor; tried at the Oneida circuit, October 10th, 1826, before WILLIAMS, C. Judge.

It appeared at the trial, that the plaintiff agreed with the defendant to work for him one year, at 10 dollars per month. He worked 10 1-2 months, and then left the employment of the plaintiff, saying he would work no more for him. This was proved by two witnesses; though one swore the declaration was qualified, that he would work no more, &c., till he ascertained whether he could collect his wages. The declaration was made on Saturday, when the plaintiff went away. On Monday he returned and offered to resume his work; but the defendant said he would employ him no longer.

Verdict for the plaintiff, subject to the opinion of the court.

*G. C. Bronson,* for the plaintiff, cited 10 John. 36; 12 ib, 274; 5 ib. 85.

*C. P. Kirkland,* contra, cited 13 John. 94, 359; 14 ib. 326; 2 Mass. Rep. 147; 2 Stark. Rep. 256; 20 John. 329; 12 ib. 165; and 2 Phil. Ev. 82, and note *c.*

*Curia, per* SAVAGE, Ch. J. In *Jennings* v. *Camp,* (13 John. 94,) the court laid down this proposition: that a party who enters into a contract, and performs part of it; and then, without cause, and without the agreement or fault of the other party, of his own mere volition, abandons the performance, he cannot maintain an action, or an implied assumpsit, for the labor actually performed. Of course he cannot sue on the express contract. The case of *McMillan* v. *Vanderlip,* (12 John. 165,) had been previously decided on the same principle. If, therefore, in this case, the plaintiff left the service of the defendant, without his agreement or fault, he violated his contract; and, not hav-

*Margin notes:*
Where one enters into a contract and performs part; and then, without cause and without the agreement or fault of the other party, of his own mere volition, abandons the performance, he cannot recover for what he has done.

Accordingly, where L. hired to P for a year, and after working 10 and 1-2 months, went away saying he would work no more for P, but two days after returned and offered to fulfil his contract, which P. would not permit; *held,* that L. could not recover any thing for the time he had worked.

Where a servant on contract for a certain time without cause goes away declaring he will work no more, the master is not bound to receive him again: nor can the servant recover a *pro rata* compensation.

ing performed on his part, can claim no payment from the *defendant. In the case last cited, performance of the labor stipulated was holden a condition precedent.

It is supposed that the offer to return should take this case out of the general rule. But if there was a wanton desertion of the defendant's service, without his fault, the plaintiff was guilty of a violation of the contract; and the defendant was under no obligation to receive him again. No cause whatever is shown in the case, for the plaintiff's conduct.

The case proved in *Spain* v. *Arnott*, (2 Stark. 256,) was a stronger case for the servant than the one before the court. The plaintiff was a yearly servant to the defendant, a farmer; and refused, as dinner was ready, to go with a horse about a mile, before he had eaten his dinner, though ordered to go by his master. On this ground the master dismissed him immediately; and before the end of the year. Yet Lord Ellenborough held, that the servant could not recover; that the master was warranted in turning him away; that after a refusal on the part of the servant to perform his work, the master is not bound to keep him on as a burthensome and useless servant to the end of the year. He also held the doctrine of this court, in the cases cited, that full performance was a condition precedent. *Faxon* v. *Mansfield*, (2 Mass. Rep. 147,) is also in point for the defence.[1]

The defendant is entitled to judgment.

Judgment for the defendant.

---

[1] The court laid down this proposition: that a party enters into a contract, and performs part of it, and then, without cause and without the agreement or fault of the other party, of his own mere volition, abandons the performance, he cannot maintain an action, on an implied assumpsit, for labor actually performed. Of course he cannot sue on the express contract. *Jennings* v. *Camp*, 13 J. R. 94.

Another case had previously been decided on the same principle. *M'Millan* v. *Vanderlip*, 12 J. R. 165.

Where a servant hires himself for a fortnight, and quits at the end of ten days, in consequence of rough language from his master, he is not entitled to recover compensation for the ten day's labor. *Marsh* v. *Ruleson*, 1 Wen. 514.

ALBANY,
Oct. 1827.

It seems a master would be justifiable in turning away a servant without compensation, who refused to obey his lawful and reasonable commands. Ib New York Digest, vol. 3, p. 517, Nos. 21, 22, 23, 24.

