CHARLES IRVINE *v.* DAVID D. A. WORTENDYKE and another.

In the Marine and Justices' Courts, a recovery may be had upon a *quantum meruit* for work and labor proved to have been performed, although the complaint is upon a special agreement only, which is not put in evidence; provided the case is submitted without objection, and decided, apparently, with the whole merits before the court.

Under such a state of the pleadings and evidence, the justice, upon the plaintiff's application, should allow an amendment to the complaint, under the 11th subdivision of § 64 of the Code, and thereupon, if necessary, grant the defendant an adjournment.

A party's books are never evidence of payments made by him.

Proof that an employer has regular pay days, whereon his workmen are accustomed to receive their wages, and that the plaintiff has been seen to receive payments on those days, is not *prima facie* evidence that work has been paid for, which was performed subsequently to the last day when a payment is shown to have been actually made to him.

APPEAL by the defendants from a judgment of the Marine Court. The opinion states the facts.

*Isaac Wortendyke,* for the appellants.

*Henry J. Irving,* for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The complaint in this action contains a claim for work performed by the plaintiff for the defendants, in pursuance of a special contract,

at $8 per week, and to continue for a specified term. The agreement does not appear to be in writing, and no evidence of such an agreement was given. The plaintiff proved the performance of work for a part of the time, and its value.

In an action upon a special contract, if the contract is proven, the plaintiff must, in order to recover, establish the performance of the contract by him. A partial performance, without excuse for the failure to complete it, amounts to nothing. (12 J. R. 165; 13 J. R. 94; 19 J. R. 337; 8 Cow. 63.)

But, although the plaintiff declares upon the special contract, and also upon a claim for work and labor merely, he may abandon the special count, and recover for the work and labor; and if the special contract does not appear in evidence, he may recover on a *quantum meruit.* (7 J. R. 132; 10 J. R. 36; 11 Wend. 484.) This rule also applies to cases where the contract has been performed in a way different from the special contract, or where the defendant has prevented or waived the full performance of the contract.

In this case there was no claim, except upon the agreement, and we are called upon to say whether this rule shall be applied to pleadings in justices' courts. The court below should, without hesitation, have allowed an amendment of this complaint, under the eleventh subdivision of the sixth section of the Code. No harm could have arisen to the defendants, and, if necessary, they could have adjourned the trial.

But it appears to me that the pleadings of those courts, where oral pleadings are allowed, are not to be construed with that technicality applicable to the other courts, and that we may apply to this case the rule in *Tuttle* v. *Mayo*, in 7 J. R. 134, that where a party seeks to recover on a special agreement, and fails in his proof, he may still recover for the work under it, if, supposing there had been no special agreement, he could have recovered. I cannot see that the defendants were injured by the admission of the testimony. They came to trial knowing the plaintiff's claim to be for

work; they denied the existence of any agreement for work. If there was a contract, they could have shown it in defence; if not, then the plaintiff was entitled to recover for the work and labor performed by him. No objection was made on the trial to the admission of the plaintiff's evidence.

The book of the defendants was properly excluded. It has been well settled that a party's books are never evidence of payments made by him. The evidence of payment was not such as to warrant us in saying that the court below erred as to their finding of a balance due. The proof does not show regular payments of all that was due, but that the defendants had regular pay nights, and that men could get their money when they wanted it; also, that the witness had seen the plaintiff get money on Saturday night.

Although this evidence might have sustained a finding of payment up to the last day on which payment was shown to have been made, still it does not establish that all the plaintiff had earned was paid for.

The question of payment was one of fact for the court below, and the evidence does not admit of our interference with the decision on that question. The judgment should be affirmed.

Judgment affirmed.