## TIMOTHY HENDERHEN *vs.* MARCUS G. COOK.

Where a minor made a contract to work for another, at a certain sum per month, and performed the same in part, only, and in an action brought by his father, to recover the minor's wages, the plaintiff did not repudiate the special contract, but on the contrary, it was proved by him, and was resorted to as the measure of compensation to which he was entitled—no other value of the son's services being furnished—*Held* that it followed that the plaintiff had adopted the contract made by the minor, and was therefore bound by it.

No principle of law is better settled than that a person agreeing to work for another a certain number of months cannot recover his wages, without showing that he has performed his contract, by rendering his services during the time specified in the contract; unless he can show that he was excused, or prevented from performing it by the act of the other party.

It is not a sufficient excuse for non-performance, that the employer constantly found fault with the person employed, in respect to the manner of doing his work. Unless the fault-finding is carried to such an extent as to render the servant's life very uncomfortable, it will not justify him in leaving.

But if the jury find that the servant was not furnished with enough to eat, a sufficient reason for leaving the employer's service is established.

Where a general authority, from a father to his minor son, to enter into contracts for his personal services, as he may see fit, is shown, a contract, made by the latter, is binding upon the father, although he may never have heard its terms.

The question of ratification arises when the agent acts without authority. Such acts being utterly void until ratified, the person alleging ratification must prove the unauthorized act to have been adopted, with full knowledge of all the facts.

Where the principal relies on the contract made by his agent without authority, as a basis of recovery, he thereby adopts and ratifies the contract; and he cannot escape the consequences of a ratification by showing that he was not fully informed of its terms and conditions.

If the principal finds that his acts by way of ratification were done in ignorance of all facts, he should abandon his suit upon the contract, repudiate the act of the agent, and assert such rights as he may have, arising from the unauthorized acts of the agent. While he insists on the contract, he must be presumed to consider the act of the agent, in making it, as within the scope of his authority.

APPEAL, by the defendant from a judgment of the county court of Onondaga county, affirming the judgment of a justice of the peace.

*Hall & Wallace*, for the appellant.

*John Molloy*, for the respondent.

*By the Court*, MULLIN, J.  The plaintiff is the father of William Henderhen, a minor, and brings this action to recover the balance of wages due from the defendant for the services of the said William from the 28th of March, 1864, until the 8th of July following.  The defendant had paid $20 in money, a pig worth $3, and there were some three or four days lost by absence and sickness.

The services were rendered under a contract entered into between William and the defendant that the former should work for the latter eight months, and the latter should pay the former, for such services, eighteen dollars per month.  William worked only a little over three months, when he left, refusing to continue longer in the defendant's employ because the defendant was constantly finding fault with him, and because he had not enough to eat.

The justice before whom the action was tried rendered judgment in favor of the plaintiff, for $36.88, being the amount remaining unpaid for the time William worked for the defendant, after deducting lost time and the sums paid.

The special contract is not repudiated by the plaintiff; but on the contrary it is proved by him, and it is re-

Henderhen *v.* Cook.

sorted to as the measure of compensation to which the plaintiff is entitled. No other value is furnished of the son's services. It follows that the plaintiff adopted the contract made by the son, and is therefore bound by it.

No principle of law is better settled than that a person agreeing to work for another a certain number of months cannot recover his wages without showing that he has performed his contract, by rendering his services during the time specified in the contract. (1 *Pars. on Cont.* 522, *and notes. Jennings* v. *Camp*, 13 *John.* 94.) Or he must show that he was excused, or prevented from performing it by the act of the other party. (*Dubois* v. *Delaware and Hudson Canal Co.*, 4 *Wend.* 285. 2 *Pars. on Cont.* 35, *and notes.*)

The question then is, has the plaintiff shown a sufficient reason for terminating the contract before the expiration of the eight months?

The excuses are, 1st. That the defendant constantly found fault with the young man, as to the manner of doing his work; and, 2d. That he was not furnished enough to eat.

If the result depended on the validity of the first excuse, I should deem it wholly insufficient. It is the right of the employer to insist upon having the servant perform his labor according to his instructions; and so long as he does not go beyond this, the servant has no right to complain. He may captiously find fault, and thereby so annoy the servant as to make his life a very uncomfortable one. There is no evidence in this case to justify the inference that fault-finding was carried to such an extent, in this case. The question was not one of fact, alone. It was a mixed one of fact and law; and on the facts proved by the plaintiff, enough is not shown to justify the servant in leaving.

The second excuse I can see no way of avoiding. The young man says he did not have enough to eat. There is evidence that others who ate with him had enough.

Henderhen *v.* Cook.

The jury having found for the plaintiff, the question of fact must be held to have been found in favor of the plaintiff. And this fact being so found, a sufficient reason for leaving the defendant's services is established.

If the case turned on the legal questions discussed by the county judge, I should be for reversing the judgment.

Nothing can be plainer than that William, being a minor to whose services the plaintiff was legally entitled, made the contract with the implied if not the express authority of his father, and that the latter ratified and adopted the contract so made.

It is a mistake to say that the father did not ratify and adopt the whole contract, because he was not fully informed of its terms. He sent the boy with authority to make contracts for his services, but reserving to himself the wages. The persons hiring were not in fault if the plaintiff did not inform himself of all the terms and conditions of the contract of hiring. And a contract made under this general authority bound the father, whether he knew its terms or not. The question of ratification could not arise. When a general authority was shown, from the father to the boy, to enter into such contract, for his services, as he saw fit, a contract, when made, was binding on the father, although he may never have heard its terms.

The question of ratification arises when the agent acts without authority. As such acts are utterly void until ratified, the person alleging ratification must prove the unauthorized act to have been adopted, with full knowledge of all the facts. (*Paley on Agency*, 171, *note v.*)

If full knowledge is not shown, the act is not ratified, and the principal is at liberty to proceed as if nothing tending to ratify the unauthorized act had been done. (*Paley on Agency*, 172, *note q.*)

There can be no ratification of part of an unauthor-

ized act: the principal ratifies the whole, or none. (*Paley*, 172, *note* 10.)

When the principal relies on the contract made by his agent without authority, as a basis of recovery, he thereby adopts and ratifies the contract; and he cannot escape the consequences of a ratification by showing he was not fully informed of its terms and conditions. (*Paley*, 172, *note o.*)

If he finds that his acts, by way of ratification, were done in ignorance of all the facts, he should abandon his suit upon the contract, repudiate the act of the agent, and assert such rights as he may have arising from the unauthorized act of the agent. While he insists on the contract, he must be presumed to consider the act of the agent, in making it, as within the scope of his authority.

The finding on the facts entitles the plaintiff to recover, without reference to the rulings on the questions of law.

The judgment must be affirmed, with costs.

