(2 N. Y. Ann. Cas. 371.)

### MUNSEY et al. v. TADELLA PEN CO.

(Supreme Court, Special Term, New York County. December 19, 1895.)

CONTRACT—CONSTRUCTION—ENTIRETY—PERFORMANCE.

　　A contract recited that defendant's quarter-page advertisement was to be inserted in every issue of plaintiff's magazine, not less than 12, during the year following its first insertion, and that every term of the contract was material, and a condition upon the strict performance whereof defendant was to pay a certain sum per quarter page. The advertisement was inserted in three successive numbers. Defendant paid for the first insertion, and plaintiff brought suit for the contract price of the two other insertions. *Held*, that the contract was entire, and that plaintiff could not legally demand payment for any portion of the advertisements until the expiration of the year, and that defendant's payment did not show that the parties intended another construction to be given to the contract.

Action by Frank A. Munsey & Co. against the Tadella Pen Company on a contract. Plaintiff demurs to the answer upon the ground that it did not state facts sufficient to constitute a cause of defense. Overruled.

Stern & Rushmore (Charles E. Rushmore, of counsel), for plaintiff. Wayland E. Benjamin, for defendant.

LAWRENCE, J. This is a demurrer to an answer on the ground that it does not state facts sufficient to constitute a defense to the cause of action set forth in the complaint. The defendant made an offer in writing to the plaintiff in these words:

"Please insert our one-quarter page advertisement in Munsey's Magazine for one year. This advertisement is to appear in every issue (not less than twelve) of Munsey's Magazine during the year following its first insertion hereunder, beginning with August, 1894. To appear always on back cover page. Matter is to be changed as often as we direct, and proof is always to be submitted to and approved by us before publication. Every term of this

offer is material, and a condition upon the strict performance whereof we are to pay you one hundred and eighty dollars per quarter page at our office in New York. This price you warrant to be the lowest at which you sell advertising space on back cover in said publication, and if hereafter, during the continuance of this contract, you sell space on back cover page for a lower price, then the price to us shall be reduced to equal such lowest price. On business which you place through advertising agents, the term 'price' includes the commission which you pay or allow such agent.

"Tadella Pen Company, by L. K. Merrill."

This offer was accepted by the plaintiff, and the offer and acceptance constitute the contract between the parties. It is alleged in the complaint that the plaintiff has inserted and published in said magazine the one-quarter page advertisement supplied to it by the defendant, in accordance with the terms of the contract above referred to, in the issues of said magazine for August, September, and October, 1894; also, that there is now due to the plaintiff from the defendant the sum of $180 for the insertion of the defendant's advertisement in the August number, and the further sum of $180 for the insertion of said advertisement in the September number, and the further sum of $180 for the insertion of said advertisement in the October number, of said magazine, making in all the sum of $540, and that no part of said sum has been paid, except the sum of $180, which was paid on August 31, 1894. The answer admits that the plaintiff has inserted and published in its magazine the one-fourth page advertisement supplied to it by the defendant, in accordance with the contract above set forth, in the issues of said magazine of August, September, and October, 1894, but denies each and every other allegation in respect to said contract, and its liability thereon. It is claimed by the plaintiff that the contract is not entire, in the sense that the plaintiff is postponed in the right to demand the payment for any part until the completion of the whole. It is claimed by the defendant that the contract is an entire one, to publish the advertisement for one year, and that, if the plaintiff failed to publish the advertisement for the full year, it would not be entitled to recover anything. After examining the contract, I am of the opinion that the contention of the defendant is correct. The contract does not say that $180 becomes due every month, but requires a one-fourth page advertisement for one year, to appear in every issue, "not less than twelve," during the year beginning August, 1894. It also provides that "every term of this offer is material, and a condition upon the strict performance whereof we are to pay you one hundred and eighty dollars for one-quarter page." The term of publication for one year is certainly a material matter. It was a condition which the parties agreed upon, and the court ought not, by construction, to substitute a different condition. The authorities cited by the defendant seem to me fully to sustain its contention. In Davis v. Maxwell, 12 Metc. (Mass.) 286, Davis contracted to work on Maxwell's farm "seven months at $12 per month." It was held that the contract was entire, and required merely payment of $84 at the end of seven months, not $12 at the end of each month, and that Davis, by voluntarily quitting before seven months elapsed, lost the right to recover anything for the time he worked. In Baker v. Hig-

gins, 21 N. Y. 397, the contract was, "I will deliver 25,000 pale brick for $3 per M., and 50,000 hard brick at $4 per M., cash." The offer was accepted, but after delivering 10,000 pale and 10,500 hard brick, in one delivery, payment therefor was demanded and refused. In the action for the price it was held that the delivery of the entire quantity was a condition precedent to any payment. In Casten v. Decker, 3 N. Y. St. Rep. 429, the plaintiff made an agreement with the defendant that he and his wife would work for him for a stated term at a fixed compensation per month. Before the end of the term agreed upon the plaintiff ceased work under the contract, alleging as a reason the sickness of his wife. It was held that the agreement was an entire and indivisible one, for services, and that the plaintiff was not entitled to recover without complete performance, unless such performance was in some manner excused, but that the sickness of his wife was an adequate excuse. To the same effect is the case of Fahy v. North, 19 Barb. 341. In Mount v. Lyon, 49 N. Y. 552, the defendant contracted to sell and deliver to the plaintiff, within three months, 400,000 brick, at $10.50 per M. The defendant delivered 213,500 brick during the specified time. In an action to recover damages for the nondelivery of the residue, it was held that the delivery of the entire quantity was a condition precedent to the right of the defendants to demand payment, and the fact that when they discontinued the delivery the plaintiff had not paid for this delivery was not an excuse for the nondelivery of the residue. In that case it would appear that the plaintiff had paid for the portion of bricks that had been delivered before the commencement of his action. Allen, J., says:

"The delivery of the entire quantity was a condition precedent to the right of the seller to demand payment for any part. No time of payment being fixed by the contract, the law makes the price payable upon the delivery of all the brick, and not before," citing Baker v. Higgins, supra, and Husted v. Craig, 36 N. Y. 221.

Upon these authorities, I am of the opinion that the contract was entire, and that the plaintiff could not legally demand payment for any portion of the advertisements until the expiration of the year, and that the mere fact of the defendant's having made one payment to the plaintiff is not such a practical construction of the contract by the parties as to take the case out of the general rule. As before remarked, in the case of Mount v. Lyon it appeared that the plaintiff had paid for a portion of the goods; and yet it was held that the contract being entire, and no time of payment being fixed, the defendants were not entitled to demand payment for any portion of the brick until the whole had been delivered.

For these reasons I am of the opinion that there should be judgment for the defendant upon the demurrer to the answer, with leave to the plaintiff to amend upon payment of costs.