(19 Misc. Rep. 186.)

### OSGOOD v. PARAGON SILK CO.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EVIDENCE.
  A finding that plaintiff was employed by defendant, and not by a firm occupying part of defendant's place of business, will not be set aside as against the weight of evidence where plaintiff applied for employment with defendant to its secretary, who was also an employé of the firm, and the secretary employed plaintiff as salesman, instructing him to report sales to the firm, as they were the selling agents, and plaintiff was paid by checks of the firm, but at no time told that he was employed by them; since plaintiff was justified in assuming that he was employed by defendant, and the mistake, if any, is chargeable to the negligence of defendant's secretary.

2. SAME—MONTHLY PAYMENTS—CONTRACT FOR YEARLY EMPLOYMENT.
  An employé may recover a monthly installment of salary under a contract of hiring for a year, though the year has not expired, where the contract does not provide as to time of payment, and the uniform practice under it has been to pay in monthly installments.

Appeal from First district court.

Action by Edward W. Osgood against the Paragon Silk Company to recover one month's salary as salesman. From a judgment entered on a decision of the trial justice in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph A. Arnold, for appellant.

George Bell, for respondent.

BISCHOFF, J. To the plaintiff's action for one month's salary, due him as salesman under a yearly contract of employment, the defendant interposed an answer denying the fact of employment, and the sole point at issue was whether the plaintiff had been engaged by the defendant or by the firm of Dreyfuss, Kohn & Co., whose place of business was shared in part by the defendant as its office in this city. There is no question that the plaintiff was employed

by one of these parties, either by the defendant or by Dreyfuss, Kohn & Co.; nor is it disputed that he performed the required services, and was entitled to the installment of salary in suit from either one or the other, but the appellant claims that there was a failure of proof to charge it with liability growing out of the contract of employment, and, further, that the preponderance of the evidence was in favor of the defense that Dreyfuss, Kohn & Co. were the parties so contracting. The plaintiff shows that he was engaged by one Rosenheim, the secretary of the defendant, and, by concession of record, its general manager. According to the defendant's evidence, Rosenheim was also an employé of Dreyfuss, Kohn & Co., and his authority extended to the employment of salesmen on behalf of that firm. Kohn, the defendant's president, was a member of the firm of Dreyfuss, Kohn & Co., and this firm controlled the sale of the defendant's entire output of goods, under a commission, as selling agents. It is therefore to be observed that the business relations existing between the defendant corporation and this firm of Dreyfuss, Kohn & Co. were of a very close nature, and that, when it became a question as to whether the firm was acting in a particular matter relating to the sale of the corporation's goods, either as principal or as agent for the corporation, the distinction to be drawn merely from observation would necessarily be of extreme nicety. To the place of business so conducted the plaintiff came, with the intention of seeking employment by the defendant, and had an interview with Rosenheim, whom at that time he knew only as the secretary of the defendant. In the course of this interview Rosenheim made no allusion to his connection with Dreyfuss, Kohn & Co., but did advert to his connection with the defendant corporation, and, finally, after some negotiations, agreed with the plaintiff that the latter should be employed as salesman of the defendant's goods at a stated annual compensation. For his use upon the road, cards were given the plaintiff by Rosenheim, which read, "Paragon Silk Company, Manufacturer. Dreyfuss, Kohn & Co., Selling Agents," and the plaintiff was told by Rosenheim that he might "send orders to the selling agents, Dreyfuss, Kohn & Co." Accordingly, the plaintiff did send orders, and his personal letters explaining the result of his efforts, to Dreyfuss, Kohn & Co., in whose name also he sent advices to the parties placing such orders; and it is this fact, together with the fact that the plaintiff's salary was paid by the firm's checks, upon which reliance is placed by the defendant in support of the contention that the employment was recognized to have been on behalf of the firm. In view of the apparent connection between the corporation and the firm, however, we find nothing in this method of payment strong enough to overcome the situation presented by the plaintiff's evidence,—his employment by the defendant's agent, who was reasonably assumed, under the circumstances, to have been acting for no other than the defendant. Rosenheim's authority to bind the defendant to this contract of employment was conceded; and, since the circumstances surrounding the making of the contract amply justified the plaintiff's belief that this agent was acting for the defendant, the latter

is certainly to be held, rather than that the plaintiff should suffer for the agent's failure to define the capacity in which he was truly acting, when held out by the defendant as its agent. Not only did Rosenheim fail to enlighten the plaintiff, during the course of his duties, as to the facts now contended for, but there was an apparent concealment of the matter, since all communications to the plaintiff from his supposed employer or employers were signed by Rosenheim individually; and it certainly would seem that, if the plaintiff had actually been engaged by this agent in his capacity as an employé of Dreyfuss, Kohn & Co., rather than as a managing officer of the defendant corporation, express information of the fact would at some time have been given; but Rosenheim himself, when called as a witness, did not dispute the plaintiff's testimony that no such information had been given. To recapitulate, the plaintiff was justified in his reliance upon the reasonably apparent fact that Rosenheim employed him on behalf of the defendant, and, if there was a mistake as to this, the defendant is chargeable with the result for the failure of its agent to give notice of a fact particularly within his knowledge, and not to be assumed by the plaintiff under the circumstances of the case.

A point is made that this installment of salary was not legally due until the end of the year of employment, the agreement not having expressly provided for monthly payments, and that there should, therefore, have been no recovery; but the evidence shows that the plaintiff was discharged at the end of the month in question, without apparent cause, and his right to maintain an action was for this reason obvious. While the action was not framed as for the breach of the contract, no point such as is now taken was made upon the trial, and the recovery is supported by the evidence. Apart from this, however, the contract of employment, as practically construed by the parties to it, appears to have been recognized as calling for monthly payments, since this was the method of payment uniformly adopted, and, in the absence of existing terms to the contrary, the justice was well authorized to give weight to the parties' understanding, and to construe the agreement accordingly. An examination of the exceptions taken by the appellant to rulings upon evidence discloses no prejudicial error; and the judgment, being quite clearly in accord with substantial justice, should be affirmed.

Judgment affirmed, with costs. All concur.