(132 App. Div. 509.)

## MERNAGH v. NICHOLS.

(Supreme Court, Appellate Division, Fourth Department.　May 5, 1909.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—JUDGMENT ON MERITS.

Where a judgment for defendant was rendered on the merits, contested questions of fact are deemed established in defendant's favor, and so far as the facts are involved the judgment will not be disturbed, unless it is without evidence to support it or against the weight of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. JUSTICES OF THE PEACE (§ 100*)—PLEADING—VARIANCE.

In an action before a justice of the peace for a balance of wages due and for $1.50, the purchase price of merchandise, plaintiff alleged that $94.92 had been paid upon wages.　Defendant alleged that the sum paid for wages was $93.40, and there was no specific allegation of payment of the $1.50.　There was a dispute as to whether payment of the $1.50 was embraced in the $94.92, and evidence thereon was given, without objection as to the form of the pleading, as if the question were open for determination upon technically correct pleadings, and the justice found that the $1.50 had been paid.　*Held* that, in view of the fact that strictness in pleadings in justice's court should not be exacted, the finding should not be disturbed on appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 336–341; Dec. Dig. § 100.*]

3. MASTER AND SERVANT (§ 80*)—CONTRACT OF EMPLOYMENT—EVIDENCE.

Evidence *held* to show that under a contract of employment wages were to be paid from time to time as the services were rendered, but at no particular times and in specific amounts.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

4. MASTER AND SERVANT (§§ 73, 75*)—WAGES—WHEN DUE.

Where the parties to a contract of employment expressly agree that service for the entire term of contract shall be rendered as a condition precedent to the payment of any part of the wages, the entire contract must be earned; but, where the agreement is for payment from time to time during the term, recovery can be had for the wages earned, though the servant abandons the service before expiration of the term without cause.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 94, 96; Dec. Dig. §§ 73, 75.*]

Robson, J., dissenting.

Appeal from Herkimer County Court.

Action by Aiden Mernagh against Sidney Nichols.　Judgment for plaintiff, reversing a justice's judgment, and defendant appeals.　Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

H. A. De Coster, for appellant.
William S. Rhodes, for respondent.

WILLIAMS, J.　The judgment appealed from should be affirmed, with costs, and a new trial had before the same justice, on the 15th day of May, 1909, at 10 a. m.

The action was brought by a farm laborer to recover for work, labor, and services performed for defendant upon his farm, and for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purchase price of some small items of personal property. The total amount of the wages earned was claimed to be $187.50, amount paid thereon $94.92, and balance $92.58; the items of personal property, $1.50. The defendant conceded the payment of $94.92, and interposed a general denial as to the balance of the claims sued on, and then alleged a hiring for one year, and a violation of the contract by plaintiff's leaving at the end of nine months without cause, and some counterclaims. The justice, after evidence given on both sides, rendered a verdict on the merits for the defendant. The decision was not one in the nature of a nonsuit, as to which the rule can be invoked that all contested questions of fact are to be deemed established in favor of the plaintiff. It was a decision on the merits, and the rule therefore applicable is that such contested questions of fact are deemed established in favor of the defendant, and so far as the facts are involved the judgment will not be disturbed, unless without evidence to support it or against the weight of the evidence.

First. As to the $1.50 items, there was a dispute as to whether these were paid in the $94.92, or whether the whole of that amount was paid to apply on wages. The justice having found these items were paid, we should not interfere with such finding. It is true that, the plaintiff having in his complaint alleged the payment of $94.92 was made upon wages, the defendant by his answer admitted the payment of that amount as alleged; but later in his answer the defendant alleged specifically that the sum paid on the wages was $93.40, this amount being $1.52 less than the amount claimed to have been paid on the wages, and there was no specific allegation of payment for the $1.50 items. But we should not hold too strict a rule as to pleading in Justice's Court, and the evidence was given upon the trial with reference to the payment of these items, without objection as to the form of the pleadings. The defendant did not rely upon the admission in the pleadings, but the proofs were given on both sides as though the question were open for determination by the justice upon technically correct pleadings.

Second. The plaintiff claims that the contract between the parties as to the term of service was made in November, to commence the 1st of December following, and to extend for one year, and he so testified, and claimed the contract was therefore invalid under the statute of frauds, as being a contract not to be performed within one year from the time it was made, and that therefore, the services having been rendered without any valid contract, he could recover what they were reasonably worth, which was the amount claimed—$187.50. The defendant, however, claimed that, while there was talk about the matter in November, the contract was not in fact made until after the 1st day of December, and he and his wife so testified, and he claimed it was not, therefore, invalid under the statute. The justice having found the contract made was valid, we should not interfere with such finding.

Third. We come now to the question upon which the county judge relied in reversing the judgment of the justice, as indicated by the opinion written by him which is in the record. The justice apparently held that inasmuch as there was a contract for one year's service, and the plaintiff failed to comply with the terms thereof, but left the serv-

ice at the end of nine months, he was not permitted to recover anything for the service rendered. The county judge disagreed with this rule, and held that the true rule was that the plaintiff could recover the wages actually earned by him, less the amount the defendant would be obliged to pay in excess of the contract price for labor to supply his place for the remaining three months the contract had to run. Before considering the legal proposition referred to, we need to settle one question of fact that may be important in determining the question of law.

The defendant claimed that the contract was for the whole year's service at the agreed sum of $250, and no part of this sum was payable until the expiration of the year; while the plaintiff claimed that the contract was that he was to be paid along from time to time during the year. The plaintiff testified that the defendant was to pay right along as the year went, and when the year was finished he would be fully paid up. The defendant gave no evidence upon this point, and made no contradiction of the plaintiff's evidence with reference thereto; but it was conceded that payments were made during the nine months of actual service, so that when plaintiff quit he had been paid about one-half of the claim made for the service rendered. Under these circumstances the justice could hardly find that the agreement was that no part of the wages was payable until the expiration of the year. He must have concluded that the agreement was that payments should be made along from time to time as the services were rendered, but at no particular times and no specific amounts. This was beyond doubt the real agreement.

Now as to the law: The plaintiff alleged in his complaint that he rendered the nine months' services at the agreed price of $250 per year, and that the wages amounting to $187.50 remained unpaid, except the sum of $94.92. $250 per year would be, if equally divided, $20.83⅓ per month, or $187.50 per nine months; but in his evidence plaintiff testified he made up the $187.50 by allowing for the first three or winter months $12.50 each, and for the remaining six months $25 per month, which makes the total the same, $187.50. It was held in Lantry v. Parks, 8 Cow. 63, where the contract was for one year's services at $10 per month and the servant left at the end of 10½ months without cause, he could not recover for the service rendered; that he violated his contract; that the service was a condition precedent to the right to payment for his wages. He could not recover upon an implied assumpsit, citing and relying on cases theretofore decided. That decision was made in 1827. It was held in Peters v. Whitney, 23 Barb. 24, where the contract was for six or seven months' service and the servant left before the expiration of his term, that the legal measure of damages was the difference between the wages agreed to be paid and the price the employer was obliged to pay for labor to supply his place. This decision was made in 1856 at the Monroe General Term, but no authorities were cited or considered at all. Tipton v. Feitner, 20 N. Y. 423–429, involved a contract for the sale and delivery of pork and hogs, the pork to be delivered at once, at a certain price, and hogs at a subsequent time, at a different price; there being no agreement as to the time of payment for either. There was a deliv-

ery of the pork, but a failure as to the hogs. It was held a recovery could be had for the pork delivered subject to recoupment of damages for failure to deliver the hogs. In the course of the opinion in that case the court referred to the cases involving contracts for services and said:

"When the party employed agreed to serve for a fixed period, * * * and was to be paid by the week or month, * * * the whole service must be performed in order to recover any part [citing Lantry v. Parks, above, and other cases]. These cases proceed upon the ground that the contracts were entire, in the sense that full performance of the services contracted for was by the agreement of the parties to be made before anything became payable by the employer. On this assumption the principle of law upon which a recovery was denied was perfectly plain. But suppose a contract for a year, the employer agreeing to pay the servant $10 at the end of each month, and a performance and subsequent breach by the servant; the employer being in arrears for several months. In such case I conceive that the servant should be permitted to recover, subject to a recoupment of the master's damages for the time covered by the breach. * * * It is absurd to say, under such a contract, serving the last month was a condition precedent to the payment for the first. * * * If parties are so incautious as to stipulate for a full performance of a contract * * * as a condition to the payment of anything, the law will not relieve them; but if they take care to provide for * * * periodical payments, they must be permitted to recover for the part which by the terms of the agreement has become payable, upon deducting the damages of the other party in respect to the portion unperformed."

This case was decided in 1859.

In Britton v. Turner, 6 N. H. 481, 26 Am. Dec. 713, where the plaintiff agreed to work for defendant for one year, and the defendant was to pay for that labor $120, and the plaintiff abandoned his contract without cause before the year was out, it was held that he could not recover on the contract, but upon quantum meruit, what this labor was reasonably worth, there being no evidence of any special damages sustained by the defendant in consequence of the nonperformance of the contract, citing two cases in Massachusetts; but Comstock, J., in Smith v. Bradley, 17 N. Y. 185, 72 Am. Dec. 442, says of these cases:

"There are few cases to be found in the books more consistently reasoned, * * * although the decision stands directly opposed to the settled law of this state. * * * The inquiry, then, is whether there is in the law of contracts in general any such doctrine as that upon which the cases referred to in New Hampshire and Massachusetts were determined. * * * The rule I think is quite well settled the other way. It is certainly so in this state."

These cases seem to indicate the law of this state to be that, where the parties expressly agree that service for the entire term of contract shall be rendered as a condition precedent to the payment of any part of the wages, the entire contract must be performed in order to enable the servant to recover the wages earned; but where the agreement is for payment from time to time during the term, recovery can be had for the wages earned, though the servant abandons the service before the expiration of the term without cause. In this event it cannot be said full compliance with the contract is a condition precedent to the payment of the part of the wages earned.

This principle must be held applicable to this case, and therefore the county judge was correct in his statement of the rule of damages, and the judgment of the justice was properly reversed. All concur, except ROBSON, J., who dissents.