### DELMAR v. KINDERHOOK KNITTING CO.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

PLEADING (§§ 345, 350*)—MOTIONS—JUDGMENT ON PLEADINGS.

Plaintiff alleged that he was employed by defendant as a salesman under a written contract set forth in the complaint, by which defendant agreed to pay plaintiff a certain commission on sales, and "$35 per week for each and every week up to January 1, 1910, and furnish him with traveling expense on his Western trip to the extent of $60 per week, * * * this contract to hold good until January 1, 1910," and that plaintiff duly performed and is still performing the services described in the contract, but that defendant had failed to pay him since April 24, 1909, the weekly sum of $35 or any part thereof, and judgment was asked for $210, the amount alleged to be due. Defendant demurred for failure to state a cause of action, and plaintiff moved for judgment on the pleadings under Code Civ. Proc. § 547, providing that, "if either party is entitled to judgment on pleadings, the court may upon motion at any time after issue joined give judgment accordingly," on the ground that the demurrer was frivolous, and that plaintiff was entitled to judgment on the pleadings as they stood. *Held* that, on such motion, the rule that a pleading will not be stricken out as frivolous if it requires argument to demonstrate that it is frivolous does not apply, and that the complaint so clearly stated a cause of action that judgment on the pleadings was properly ordered.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. §§ 345, 350.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Alexander Delmar against the Kinderhook Knitting Company. A motion for judgment on the pleadings in favor of plaintiff was granted, and defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John C. Snyder, for appellant.
Eugene Cohn, for respondent.

PER CURIAM. The motion below was not to overrule the demurrer as frivolous, but was for judgment on the pleadings under section 547 of the Code of Civil Procedure; the grounds of the motion being, first, that the demurrer was frivolous, and, secondly, that the plaintiff was entitled to judgment upon the pleadings as they stood. Upon such a motion, the time-honored rule that a pleading will not be stricken out as frivolous if it requires argument to demonstrate that it is frivolous does not apply. As we think that the complaint clearly states a cause of action, the order was proper and should be affirmed, with $10 costs and disbursements, with leave, however, to the defendant to withdraw its demurrer and to answer within 20 days on payment of costs in this court and in the court below.

McLAUGHLIN, J. (dissenting). The complaint alleges that the plaintiff was employed by the defendant as a salesman under a written contract therein set forth. By the terms of this contract, the defendant agreed to pay the plaintiff a certain commission on sales made, and, further, to pay him "thirty-five dollars per week for each and

every week up to January 1st, 1910, and furnish him with traveling expense on his Western trip to the extent of sixty dollars per week * * * all to be charged against the said Mr. Delmar's account, * ' * * this contract to hold good until January 1st, 1910." The complaint further alleges that the plaintiff has duly performed, and is still performing, the services described in the contract, but that defendant has failed to pay to him since April 24, 1909, the weekly sum of $35 or any part thereof. Judgment is asked for $210, the amount of such weekly installments alleged to be due. The defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The plaintiff thereupon moved for judgment on the ground that the demurrer was frivolous, and that he was entitled to judgment on the pleadings. The motion was granted, and defendant appeals.

The only question presented by the appeal is whether the demurrer was frivolous. If it was not, then the issue raised by it could only be determined by a trial, and not by motion. I am of the opinion the demurrer was not frivolous. The contract by its terms was to last until January 1, 1910, and the defendant agreed to pay the plaintiff $35 "per week for each and every week up to" that time. The plaintiff has not fully performed the contract on his part to be performed, and it is well settled that, where a contract of employment is entire, there can be no recovery until there has been full performance. Lantry v. Parks, 8 Cow. 63; Monell v. Burns, 4 Denio, 121; McMillan v. Vanderlip, 12 Johns. 165, 7 Am. Dec. 299; Reab v. Moor, 19 Johns. 337; Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388; Tipton v. Feitner, 20 N. Y. 423; Jenkins. v. Wheeler, *42 N. Y. 645; Mernagh v. Nichols, 132 App. Div. 509, 118 N. Y. Supp. 59. In Lantry v. Parks, supra, plaintiff agreed to work for defendant for one year at $10 per month. It was held he could not recover upon the contract for any months he had worked without showing that he had completed the contract by working a year. In Jenkins v. Wheeler, supra, the plaintiff's intestate agreed to take charge of a ship for a voyage from New York to a distant port and return, and defendant covenanted to pay him therefor the sum of $150 for each and every month of the period occupied by the round voyage. In construing the contract the court said:

"It is deemed clear that by the terms of this contract the defendant agreed to compensate the plaintiff's intestate for the round voyage, at a certain rate of compensation per month, for the time thus employed in fulfilling the contract, and that such compensation was not due and payable until the performance on the part of Jenkins of the condition precedent to such payment."

But it is suggested that the contract in the case at bar is not entire, and that, by its terms the defendant was bound to pay to plaintiff each week the sum of $35. The contract does not in express terms so provide, and, if this be its true construction, it is only to be inferred from the language used, and it is at least doubtful whether such inference can be fairly drawn. In Walsh v. New York & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83, the plaintiff was employed by the defendant as a salesman at a salary of $5,000 a year, "to be received in monthly installments of $416.66." Mr. Justice O'Brien, who delivered

the opinion of this court, after stating the rule that, where the contract is entire, complete performance must be shown as a condition precedent to a recovery under it, said:

"The same rule, however, does not apply to a contract of ordinary service for a specified time payable in installments where there is nothing in the nature of the work which shows that its entire performance was required and contemplated in order to bind the employer to pay any part of the stated compensation. In England the rule may be otherwise. * * * "

And, after discussing the cases cited, he concluded:

"The rule deducible from these as well as from all the cases in this state that we have examined is that even where a contract is made for a year, but there is a provision for periodical payments during the time, and the contract in its nature does not necessarily contemplate entire performance as a condition precedent to compensation, the servant when discharged for cause is entitled to recover the amount due for the month. * * * "

But in that case it will be observed there was an express agreement that the salary should be paid monthly, and, if this court thought it necessary to discuss whether the plaintiff could recover such monthly installments without showing entire performance of the contract, then certainly in the present case, where there is no such express agreement and the terms of the contract in this regard are open to question, the objection that the plaintiff cannot show entire performance cannot be said to be frivolous. The question under the authorities is at least debatable, and for that reason a demurrer by which it is sought to determine such question by a trial cannot be said to be frivolous. The mere fact that a demurrer is not well taken does not render it frivolous. To justify such a conclusion, the demurrer must not only be without adequate reason, but so plainly and clearly so that upon mere inspection, and without argument, it can be seen that it was interposed unwarrantably or in bad faith. Cook v. Warren, 88 N. Y. 37; Shaw v. Feltman, 99 App. Div. 514, 91 N. Y. Supp. 114; Rankin v. Bush, 93 App. Div. 181, 87 N. Y. Supp. 539. The fact that a motion is made for judgment on the pleadings under section 547 of the Code of Civil Procedure does not change this rule, because before judgment is granted, when such motion is made, the demurrer has to be first overruled. A motion for judgment under this section was never intended to take the place of a trial.

The order appealed from granted the plaintiff a final judgment in the action. The other members of the court think the order should be affirmed, with leave "to the defendant to withdraw its demurrer and to answer within twenty days on payment of costs in this court and in the court below." Just what good it will do the defendant to answer after final judgment has been entered against it remains for the other members of the court to say. After the entry of final judgment, the pleadings serve no purpose except to determine what issues were or might have been tried. There is no provision in the Code for the service of an answer after the entry of final judgment. It will serve no purpose, and will not be a part of the judgment roll.

I am of the opinion the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.