(158 App. Div. 241.)

### OLIVER v. McARTHUR.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

MASTER AND SERVANT (§ 74*)—WAGES—WHEN DUE.

     Under a contract for farm labor for a period of eight months, fixing the wages at a certain amount per month, but not stating when wages are to be paid, payments from time to time must be considered within the contemplation of the parties, especially where certain payments are made while the services are being rendered; so that services need not be rendered for eight months before anything is due, but the laborer, quitting before expiration of that period, may recover wages for the time he worked, with right in the employer to counterclaim for damages for his quitting.

     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 103; Dec. Dig. § 74.*]

     Smith, P. J., and Woodward, J., dissenting.

Appeal from Delaware County Court.

Action by Milton Oliver against John W. McArthur. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John T. Shaw, of Delhi, for appellant.
O'Connor & O'Connor, of Hobart, for respondent.

JOHN M. KELLOGG, J. Plaintiff worked for the defendant eight months, from February 1st to October 1st, and he was concededly under contract to work for eight months. The plaintiff swears that the contract term began February 1st; defendant swears it began March 1st. It is clear the plaintiff was to receive $20 a month for February, March, and April, and $25 per month for the remainder of the time. From time to time while the services were being rendered the defendant paid the plaintiff on account of his services various sums, aggregating $75, and by the judgment appealed from has recov-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ered the balance. There was a question of fact whether the contract term began February 1st or March 1st, although it is conceded that the plaintiff did work for the defendant during the month of February. It is evident that there might easily have been a misunderstanding as to just when the eight-months term began. While the price was fixed for monthly service, the contract in express terms does not state that the wages are to be paid monthly; neither does it state that they are not to be paid until the end of the term.

A farm hand is not a capitalist, and usually requires money from time to time, and is fortunate if his wages have not been drawn and expended at the expiration of his term. The conduct of the parties is a very material circumstance to determine what the contract was. In fact, the contract is made up of the intention of the parties as expressed by the language used and the circumstances under which the employment was made and the services rendered. Clearly the laborer must be clothed, and must have some spending money during the term.

Mernagh v. Nichols, 132 App. Div. 509, 118 N. Y. Supp. 59, is nearly on all fours with this case. In that case the agreed price was $250 per year, and the servant quit before the year had expired. From time to time while the services were being rendered payments were made, the plaintiff having received about one-half of the wages earned at the time he left service. The plaintiff swore that the defendant was to pay from time to time during the year. In this case the defendant did pay from time to time during the year, indicating clearly that that was the intention of the parties. The judge, in substance, charged that the contract was severable, and that it did not require the performance of the entire eight months of service before payments were due, but that if the plaintiff had quit before the services were fully rendered the defendant was entitled to counterclaim any damages he had sustained. The rule seems to be just. A contract with a domestic servant to work for a year at $4 a week does not mean, and cannot be understood to mean, that the servant is to receive nothing until the year is up. The servant is working because she wants the money to use. Payments from time to time must be fairly within the contemplation of the parties making a contract for farm labor.

I favor an affirmance.

SMITH, P. J. (dissenting). This action was brought to recover a balance claimed to be due on account of services as a farm hand, rendered during the season of 1911, between the 1st day of February and the 3d day of October. The contract of hiring was a verbal one; the respondent claiming that he was to work eight months, beginning February 1st and ending October 1st, and was to receive $20 per month for the first three months and $25 per month for the remaining five months. Appellant testified that respondent was to work for $20 during the month of February and that the eight-months period was to begin March 1st and was at a rate of $20 per month for March and April and $25 for the rest of the term. Respondent, during the total period that he worked, lost 11 days' time, and was paid in all $75. The complaint alleged that the sum of $110 was due and unpaid on ac-

count of the services rendered, while the answer claimed that the contract in question was an entire contract, not a severable one, and that it was abandoned by respondent without cause prior to its completion. A further defense and counterclaim was set up for damages in the sum of $100, resulting from respondent's alleged failure to complete the term of his employment. The action was originally brought in justice's court, where the jury returned a verdict for respondent for $100 damages. Upon a retrial in the County Court the jury rendered a verdict for respondent for $85.50 damages, and from the judgment entered thereon this appeal is taken.

It might well have been left as a question of fact for the jury whether the contract was to end on the 1st day of October or November; and if the case had been so submitted the verdict would stand. But the learned County Judge went further, and charged the jury that, although the contract was not to end until November 1st, still it was a severable contract, so that the respondent could recover for any sums unpaid him on the contract. The jury may have found, therefore, that the contract was for eight months' service from March 1st, and still have given plaintiff a verdict for service rendered to October 1st. This charge we think was erroneous. The contract testified to contained no provision as to when payments thereon should be made. No custom was shown as to when wages are ordinarily paid farm laborers hiring out for the season. Under all the circumstances we cannot agree with the statement in the charge that:

"In the absence of any agreement it would be presumed that the payments were to be due monthly."

Such a presumption upon the facts in this case seems directly contrary to the understanding of both parties to the contract. The respondent never demanded any monthly wages prior to the time of his leaving. He occasionally asked for and received money, but at no regular periods. He at the time of leaving had not been paid half of the total wages that would be due for the entire period. The conduct of the parties entirely negatives any understanding, express or implied, that his wages should be paid monthly. When the contract itself is silent as to certain points, the actual intent of the parties thereto in these respects can best be ascertained by noting what they have in fact done under such contract. See Osgood v. Paragon Silk Co., 19 Misc. Rep. 186, 189, 43 N. Y. Supp. 271; Fox v. Coggeshall, 95 App. Div. 410, 416, 88 N. Y. Supp. 676; Anderson v. English, 105 App. Div. 400, 403, 94 N. Y. Supp. 200. Judged by this rule of interpretation the wages were not payable at any fixed time, but at the most certain advancements from time to time on account of the total amount of wages to become due were contemplated. But such advancements at irregular intervals would not change the rule as to the contract being entire, and that it was in its nature entire seems indicated by the testimony of both parties. It was for a definite and particular time, a farm season of eight months, which comprises practically the whole period when outdoor work can be done upon a farm. The respondent admittedly was hired especially to run a sulky plow, and the eight months testified to by the appellant would cover both the spring and fall plowing. Such

a contract seems clearly under the authorities an entire, indivisible contract, such that full performance must be shown as a condition precedent for the recovery of any moneys due thereunder. See McMillan v. Vanderlip, 12 Johns. 165, 7 Am. Dec. 299; Thorpe v. White, 13 Johns. 53; Jennings v. Camp, 13 Johns. 94, 7 Am. Dec. 367; Reab v. Moor, 19 Johns. 337; Lantry v. Parks, 8 Cow. 63; Marsh v. Rulesson, 1 Wend. 515; Smith v. Brady, 17 N. Y. 173, 187, 188, 72 Am. Dec. 442; Henderhen v. Cook, 66 Barb. 21; Casten v. Decker, 3 N. Y. St. Rep. 429; Munsey v. Tadella Pen Co. (Sup.) 38 N. Y. Supp. 159; People v. Grout, 179 N. Y. 417, 426, 72 N. E. 464, 1 Ann. Cas. 39; Davis v. Maxwell, 12 Metc. (Mass.) 286, 290.

The cases cited by respondent upon this point are clearly distinguishable. In Walsh v. N. Y. & Ky. Co., 88 App. Div. 477, 483, 485, 85 N. Y. Supp. 83, holding a salesman's salary contract for one year separable as to the monthly installments, it appears that the annual salary of $5,000 was payable in equal monthly installments, and the court, in stating the general rule applicable, expressly mentions this "provision for periodical payments during the time." In Delmar v. Kinderhook Knitting Co., 134 App. Div. 558, 119 N. Y. Supp. 705, it was held that a complaint setting up a salesman's contract, "to hold good" until a certain time and to pay him $35 per week stated a good cause of action, although one judge dissented on the ground that even this contract was entire. In Mernagh v. Nichols, 132 App. Div. 509, 118 N. Y. Supp. 59, a farm laborer sued to recover unpaid wages, although he had abandoned the contract without cause before the expiration of the term, and a recovery was allowed. It will be observed, however, that the plaintiff there testified "that the defendant was to pay right along as the year went, and when the year was finished he would be fully paid up," and defendant did not contradict this evidence. Thus full payments to date at intervals were provided for by the contract. Moreover, the contract in the case cited was for a year, and so was more like the various mercantile contracts of hiring by the year than the shorter term contract now before us, where the hiring was for the season. The longer the term of hiring, of course, the stronger is the possible presumption of fact that payments of salary or wages are not intended to be deferred to the end of the term.

It may be noted that the rule laid down in some of the old cases, that a contract for a fixed period is entire, even if payments are to be made by the week or month, has been changed in this state, so as to allow a recovery of wages earned, subject to a recoupment by the employer of his damages sustained by the breach, and such modification seems both more just and more suited to modern contracts of hiring than the former rule mentioned. See Tipton v. Feitner, 20 N. Y. 423, 427. But we are referred to no authority changing the former rule when there is no provision for the payment during the continuance of the contract of wages, as such, earned during the contract, but merely for advancements from time to time. The idea of advancements includes a later payment and settlement in full between the parties, having reference to the entire contract, and if this payment is expressly or by implication deferred till the completion of the term of service, such a

completion by the employé is naturally a condition precedent to a recovery of the balance of the wages unpaid.

Judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

WOODWARD, J., concurs.