M. UFLAND & COMPANY, Respondent, *v.* MARTIN S. McMAHON and Another, Appellants.

Fourth Department, January 13, 1926.

Sales — rescission — action to recover purchase price — defense of rescission and return of unsold goods based on breach of exclusive sales agreement made by plaintiff's agent with defendant — authority of agent to make agreement not material — action of plaintiff in suing on contract and proceeding with case after answer disclosed agreement constituted ratification — principal cannot repudiate part of contract — return of unsold goods alone not restitution sufficient to support rescission — defendant cannot claim damages in action where defense is rescission of contract.

In an action to recover the purchase price of goods sold, in which the defendants assert the defense of rescission based on an alleged breach of the contract by the seller made by the sales agent to give the buyers the exclusive sale of the goods in a certain city, the seller cannot successfully contend that its agent did not have authority to make the exclusive sales agreement, for the seller by commencing the action and by proceeding therein after the answer had been served, ratified the agreement by its agent, and, furthermore, the seller could not repudiate a part of the contract.

However, the return by the buyer of the unsold goods alone, without offering restitution for the goods sold, was not sufficient to support a rescission of the contract.

The buyers cannot claim damages in a counterclaim and at the same time claim that the contract was rescinded.

APPEAL by the defendants, Martin S. McMahon and another, from an order of the Monroe County Court, entered in the office

of the clerk of the county of Monroe on the 5th day of February, 1925, reversing a judgment of the City Court of Rochester, Civil Branch, in favor of the defendants, and directing a new trial.

*Isaac Adler* [*Joseph B. Boyle* of counsel], for the appellants.

*Edward L. Cleary* [*Henry Irving Gordon* of counsel], for the respondent.

CROUCH, J. Plaintiff sued defendants in the City Court of Rochester to recover for goods sold and delivered. The answer (1) admitted non-payment and denied all other allegations; (2) alleged as a defense that plaintiff agreed to sell and defendants to purchase the goods, subject to the condition that plaintiff had not sold and would not sell goods of the same description to any other dealer in Rochester; that plaintiff breached the condition; that thereupon defendants refused to proceed, so notified plaintiff and returned the goods then remaining in their possession; (3) alleged the same facts by way of counterclaim.

The evidence shows that the hats were sold by an agent of plaintiff. There is no evidence, however, to show that the agent was expressly authorized to make the agreement relating to exclusive sales; or that it was customary or necessary for an agent in that line of business, in consummating sales, to make such agreements.

The trial court granted judgment for defendants, dismissing the complaint. Upon appeal to the County Court, the judgment was reversed upon the ground that there was no proof of the agent's authority.

We agree that there was no proof of original authority, express or implied. We think, however, that such proof is not necessary, where a vendee claims a right to rescind and not a right to enforce.

1. Under such circumstances the lack of original authority may be supplied by ratification of the agent's acts after knowledge thereof. Such ratification relates back to the date of the contract and if there has been a breach of a vital or fundamental term of the contract as ratified, the vendee may rescind. (Huffcut Agency [2d ed.], § 30; 2 C. J. 516; *Callanan* v. *K., A. C. & L. C. R. R. Co.,* 199 N. Y. 268.)

When the plaintiff vendor here sued to recover the contract price and pressed his suit to judgment in the face of the facts disclosed by defendants' answer and by the evidence on the trial, it must be held to have had knowledge of the agent's acts, as the trier of fact found them, and to have ratified them. (2 Williston Sales [2d ed.], § 445-a, p. 1102; *Henderhen* v. *Cook,* 66 Barb. 21,

25; *Owensboro Wagon Co.* v. *Wilson,* 79 Kan. 633; 1 Mechem Agency [2d ed.], §§ 446, 448.) There is evidence to sustain a finding that the exclusive sales agreement was the inducing cause of defendants' purchase. It was a vital or fundamental term of the contract as thus ratified. The evidence also warrants a finding that it was breached. Defendants, therefore, had the right to rescind. (*Callanan* v. *K., A. C. & L. C. R. R. Co., supra; Raftery* v. *World Film Corp.,* 180 App. Div. 475; *DeMille Co.* v. *Casey,* 121 Misc. 78.) We must assume, since the evidence does not disclose the contrary, that the breach was of that part of the exclusive sales agreement relating to the future. That fact, however, does not affect the result. (*Raftery* v. *World Film Corp.,* 180 App. Div. 475.)

2. There is a class of cases where the same end is reached upon the stated ground that a principal cannot enjoy and retain the fruits and benefits of his agent's acts without adopting the means by which they were obtained; or that a principal cannot take the benefit of part of an unauthorized contract made by his agent and repudiate the rest. (For instances, see *Washburn* v. *Rainier Co.,* 130 App. Div. 42; *Finkle* v. *Lasher,* 178 id. 471.) Many of those cases, as in the two instances cited, seem to rest on the principle of ratification. In others it is possible that the recovery was in quasi-contract. (Compare *Evans* v. *Garlock,* 37 Hun, 588; 1 Mechem Agency [2d ed.], § 413, p. 306.) Where benefits have come into the principal's hands as a result of an unauthorized act of his agent, the injured party may admit the lack of authority, assert the absence of any contract because there was no meeting of minds, himself make restitution and compel restitution by the principal. (Woodward Law of Quasi-Contracts, § 72.) There seems to be no reason why, when the principal seeks by action to obtain such benefits, the same facts should not be used by way of defense.

3. Since the ground upon which the judgment was reversed in the County Court seems erroneous, we should, but for one point, reverse its order and affirm the judgment of the City Court. Before returning the goods defendants had sold some of them. There was also some question as to the condition of the goods returned. Ordinarily, all the goods should be returned. However, where goods are sold to be resold by the buyer, restitution may be made, it is said, by returning the unsold goods and accounting for the proceeds of those sold. (24 R. C. L. 294, 295. But see note, 21 Columbia Law Rev. 705.) The return of the unsold goods alone, particularly where there was a question as to their condition, is not such restitution as will support rescission.

4. The counterclaim was apparently rejected by the trial court. While the question is not here, it may be as well to say that we think the trial court properly rejected it. Damages for breach of the special agreement are inconsistent with rescission of the whole contract.

The order of the County Court should be affirmed, with costs.

HUBBS, P. J., CLARK, SEARS, and TAYLOR, JJ., concur.

Order affirmed, with costs. New trial in City Court of Rochester to be had on the 25th day of January, 1926, at ten A. M.